# EXHIBIT 1

**COURT OF COMMON PLEAS**
**MEDINA COUNTY, OHIO**

COMMON PLEAS COURT

2018 MAR 22 PM 12: 13

FILED

CLERK OF COURTS

REEL GRIP, LTD.                              )
1734 Wall Road                              )   CASE NO. **18CIV0298**
Suite B                                      )
Wadsworth, Ohio 44281                        )   **JUDGE:** CHRISTOPHER J. COLLIER, JUDGE
                                             )
    **Plaintiff,**                    )
                                             )
                                             )
**v.**                                       )
                                             )
**WINN, INCORPORATED**                       )   **COMPLAINT FOR TRADEMARK**
<u>Address 1:</u>                            )   **INFRINGEMENT; DECEPTIVE TRADE**
c/o Statutory Agent:                         )   **PRACTICES; AND UNFAIR**
Tsarina Branyan                              )   **COMPETITION**
17011 Beach Boulevard                        )
Huntington Beach, California 92647           )   **JURY DEMAND ENDORSED HEREON**
                                             )
                                             )
<u>Address 2:</u>                            )
15648 Computer Lane                          )
Huntington Beach, California 92649           )
                                             )
                                             )
    **Defendant.**                    )

Plaintiff Reel Grip, Ltd. ("Plaintiff" or "Reel Grip, Ltd.") brings this Complaint for trademark infringement, unfair competition, and deceptive trade practices against Defendant Winn, Incorporated ("Defendant" or "Winn"), and states as follows:

<u>**THE PARTIES**</u>

1.     Reel Grip, Ltd. is an Ohio limited liability company which has its principal place of business located at 1734 Wall Street, Suite B, Wadsworth, Ohio 44281.

2.     Upon information and belief, Winn is a California corporation which has its headquarters located at 15648 Computer Lane, Huntington Beach, California 92649.

1

**EXHIBIT 1**

## JURISDICTION AND VENUE

3.     This Court possesses personal jurisdiction over Winn as Winn possesses minimum contacts with Ohio such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  In that vein, Winn does business in the State of Ohio and sells and markets its products in the State of Ohio, including the products discussed in this complaint.  In addition, Winn transacts business in Ohio and contracts to supply goods in Ohio; has caused tortious injury by an act or omission in Ohio; has caused tortious injury in Ohio by an act or omission outside Ohio and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed in Ohio; and caused tortious injury in this state by an act outside Ohio committed with the purpose of injuring persons, when Winn might reasonably have expected that some person would be injured thereby in Ohio.

4.     Venue is proper in this Court, including because Reel Grip, Ltd. resides in Medina County and all or part of the instant causes of action arose in Medina County.

## FACTUAL BACKGROUND

5.     Reel Grip, Ltd. has been a registered domestic limited liability company since 2005. Reel Grip, Ltd. has invented and developed a grip for a fishing reel handle knob, which fits existing bait cast handles and provides additional comfort and grip (the "Reel Grip™ Product").  Since 2005, this grip has been and is known and sold under the Reel Grip™ common law trademark (the "Reel Grip™ Trademark"), internationally and throughout the United States, both in retail establishments and via the internet.

6.     One version of the Reel Grip™ Product in its retail packaging is depicted below:

2

EXHIBIT 1



7.      Reel Grip, Ltd. has secured U.S. patent protection, U.S. Patent No. 7,494,081 (the "'081 Patent"), for a handle rod assembly and a fishing reel which include, among other components, the Reel Grip™ Product. The '081 Patent was issued on February 24, 2009. Reel Grip, Ltd. is the owner of the '081 Patent and the patent number is identified on the packaging of the Reel Grip™ Product.

8.      Reel Grip, Ltd. also has secured various design patents for its intellectual property.

9.      Reel Grip, Ltd. also has secured U.S. trademark protection for composite trademark registration number 5107744, which has a registration date of December 27, 2016. Such application was filed on November 6, 2015 and the following is registered as a federally-protected trademark by the United States Patent and Trademark Office in the field of G&S:  Covers for fishing reel handles:

**EXHIBIT 1**



This composite trademark is referred to herein as the "Composite Trademark."

10.     Reel Grip, Ltd. owns the exclusive trademark rights for the Reel Grip<sup>TM</sup> Trademark, the Composite Trademark, and utilizes such on the packaging of the Reel Grip<sup>TM</sup> Product.

11.     Since 2005, Reel Grip, Ltd. has invested substantially in promoting the Reel Grip<sup>TM</sup> Product, including advertising over the internet, in magazines, in international sports fishing catalogs, and utilizing sales representatives and agents both nationally and internationally.

12.     Reel Grip, Ltd. has invested substantially in associating its goods with the Reel Grip<sup>TM</sup> Trademark and has sold and marketed, and continues to sell and market, the Reel Grip<sup>TM</sup> Product under the Reel Grip<sup>TM</sup> Trademark throughout wide geographic areas, including through Cabela's®, Bass Pro Shops®, and other retailers.  The Reel Grip<sup>TM</sup> Product and the Reel Grip<sup>TM</sup> Trademark are well-known in the industry, and The Reel Grip<sup>TM</sup> Product has been the subject of testimonials by professional fishermen, including Dave Lefebre.

13.     The Reel Grip<sup>TM</sup> Trademark has become distinctive, through Reel Grip, Ltd.'s substantially exclusive and continuous use since at least 2005 of the Reel Grip<sup>TM</sup> Trademark, including in connection with the sale of Reel Grip, Ltd.'s goods in commerce.

14.     The Reel Grip<sup>TM</sup> Trademark has achieved secondary meaning in the mind of the public, a primary significance of which is that such mark identifies Reel Grip, Ltd. as the source of Reel Grip, Ltd.'s products, including the Reel Grip<sup>TM</sup> Product.

**EXHIBIT 1**

15.   Reel Grip, Ltd.'s usage of the Reel Grip™ Trademark with reference to the Reel Grip Product has caused the mark to acquire special significance so that to the consuming public the mark has come to mean that the product is produced by Reel Grip, Ltd.

16.   Reel Grip, Ltd. has discovered that Winn has infringed and continues to infringe Reel Grip's common law trademark, *i.e.,* the Reel Grip™ Trademark.

17.   Winn is selling grips for fishing reel handle knobs under the terms "Reel Grips Sleeves" and "Reel Grip Sleeves."   For example, Winn's website (www.winngripsfishing.com) links to the following webpage (http://www.winngripsfishing.com/products/grips/reel-grip-sleeves/:

**EXHIBIT 1**



18.     Such webpage further links to other webpages of Winn, which include:

EXHIBIT 1



19.     Upon information and belief, Winn is marketing and advertising such products under the terms "Reel Grips Sleeves" and "Reel Grip Sleeves" throughout the United States, including into Ohio, and, within Ohio, in Medina County. For example, Winn has posted the following full-page advertisement in the November 2017 issue of Angling International:

EXHIBIT 1



  20. Angling International is distributed throughout the United States, including in Ohio, and Angling International magazines which included the above advertisement were distributed in Ohio.

  21. Upon information and belief, Winn has run similar advertisements in other magazines which are distributed throughout the United States, including in Ohio.

  22. Winn is selling its grips for fishing reel handle knobs under the terms "Reel Grips Sleeves" and "Reel Grip Sleeves."  A true and accurate photograph of one such product, front and back, is below:

**EXHIBIT 1**

 

23.    Such products have been sold and marketed for sale under the names "Reel Grips Sleeves" and "Reel Grip Sleeves," either directly by Winn or by its distributors, with Winn's knowledge and approval throughout the United States, including in Ohio.

24.    Upon information and belief, Winn has purposefully directed pertinent acts towards Ohio and has an intent and purpose to sell such products in Ohio, including by advertising in Ohio, establishing channels (or using pre-existing channels) to sell the product in Ohio, and/or marketing the product through a distributor who has agreed to sell the product in and into Ohio.

25.    Winn has and continues to identify its grips for fishing reel handle knobs as "Reel Grips Sleeves" and "Reel Grip Sleeves."

26.    Winn has and continues to utilize the Reel Grip$^{TM}$ Trademark in connection with the sale of its products, without the consent of Reel Grip, Ltd.

27.    Winn's actions, as discussed above, have caused Reel Grip, Ltd. to suffer, and continue to suffer, substantial harm, including irreparable harm, damage to its goodwill, and

9

EXHIBIT 1

money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the actions of Winn.

28.    Upon information and belief, Winn has profited from and will continue to profit from its above actions.

29.    Reel Grip, Ltd. is and will continue to be irreparably harmed by Winn's above-described actions, which will continue unless enjoined by this Court.

### COUNT ONE
**(Trademark Infringement — Common Law)**

30.    Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

31.    Through its above practices, Winn has committed, and continues to commit, trademark infringement under the common law, including the common law of Ohio.

32.    Winn's use of the terms "Reel Grips" and "Reel Grip" in relation to its sale of its grips for fishing reel handle knobs, and representations as to product identification and website identification, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Winn's goods, and falsely represent to the public that Winn's grips for fishing reel handle knobs are products manufactured by Reel Grip, Ltd., when they are not.

33.    Winn has and continues to reproduce, copy, or colorably imitate the Reel Grip$^{TM}$ Trademark, and has applied and continues to apply the Reel Grip$^{TM}$ Trademark to advertisements, webpages, marketing materials, and product packaging or in conjunction with the sale and/or distribution of its grips for fishing reel handle knobs.

34.    Upon information and belief, Winn intentionally, willfully, or with conscious disregard for rights of Reel Grip, Ltd. and with great probability of causing substantial harm copied the Reel Grip$^{TM}$ Trademark.

**EXHIBIT 1**

35.    Unless enjoined, Winn will continue to infringe on the Reel Grip™ Trademark, which will cause loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

36.    As a result of Winn's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm, damage to its goodwill, and money damages in excess of $25,000, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of infringement by Winn.  Such injury and damage will continue unless Winn is enjoined by this Court from further trademark infringement.

37.    Upon information and belief, Winn's trademark infringement was and is willful, and Winn acted with malice, bad faith, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm, which justifies an assessment of punitive damages and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## COUNT TWO
### (Deceptive Trade Practices — O.R.C. § 4165.01 *et seq.*)

38.    Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

39.    Through its above practices, Winn has committed, and continues to commit, deceptive trade practices in violation of Ohio Revised Code § 4165.01 *et seq*.

40.    Winn's use of the terms "Reel Grips" and "Reel Grip" in relation to its sale of its grips for fishing reel handle knobs, and representations as to product identification and website identification, are likely to cause confusion, or to cause misunderstanding, or to deceive as to the source, sponsorship, approval, or certification of Winn's goods, and falsely represent to the public

11

EXHIBIT 1

that Winn's grips for fishing reel handle knobs are manufactured by and/or affiliated with Reel Grip, Ltd., when they are not.

41.     Upon information and belief, Winn intentionally, willfully, and/or with conscious disregard for rights of Reel Grip, Ltd. and with great probability of causing substantial harm took the above actions.

42.     Unless enjoined, Winn will continue its deceptive trade practices, which will cause loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

43.     As a result of Winn's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm, damage to its goodwill, and money damages in excess of $25,000, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the deceptive trade practices by Winn.  Such injury and damage will continue unless Winn is enjoined by this Court from further deceptive trade practices.

44.     Upon information and belief, Winn's deceptive trade practices were and are willful, and Winn acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm and has caused substantial harm, which justifies an assessment of punitive damages and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action under O.R.C. § 4165.03.

## COUNT THREE
### (Unfair Competition — Ohio Common Law)

45.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

46.     Through its above practices, Winn has committed, and continues to commit, unfair competition in violation of the common law of Ohio.

12

**EXHIBIT 1**

47.    Winn's use of the terms "Reel Grips" and "Reel Grip" in relation to its sale of its grips for fishing reel handle knobs, and representations as to product identification and website identification, are likely to cause confusion, or to cause misunderstanding, or to deceive as to the source, sponsorship, approval, or certification of Winn's goods, and falsely represent to the public that its grips for fishing reel handle knobs are products manufactured by Reel Grip, Ltd., when they are not.

48.    Upon information and belief, Winn intentionally, willfully, and/or with conscious disregard for rights of Reel Grip, Ltd. and with great probability of causing substantial harm took the above actions.

49.    Unless enjoined, Winn will continue its unfair competition, which will cause loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

50.    As a result of Winn's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm, damage to its goodwill, and money damages in excess of $25,000, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of unfair competition by Winn.  Such injury and damage will continue unless Winn is enjoined by this Court from further unfair competition.

51.    Upon information and belief, Winn's unfair competition was and is willful, and Winn acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm, which justifies an assessment of punitive damages and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

13

**EXHIBIT 1**

## COUNT FOUR
### (Unfair Competition — 15 U.S.C. § 1125)

52.    Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

53.    Through its above practices, Winn has committed, and continues to commit, unfair competition in violation of 15 U.S.C. § 1125.

54.    Winn's use of the terms "Reel Grips" and "Reel Grip" in relation to its sale of its grips for fishing reel handle knobs, and representations as to product identification and website identification, are likely to cause confusion, or to cause misunderstanding, or to deceive as to the source, sponsorship, approval, or certification of Winn's goods, and falsely represent to the public that its grips for fishing reel handle knobs are products manufactured by Reel Grip, Ltd., when they are not.

55.    Upon information and belief, Winn intentionally, willfully, and/or with conscious disregard for rights of Reel Grip, Ltd. and with great probability of causing substantial harm took the above actions.

56.    Unless enjoined, Winn will continue its unfair competition, which will cause loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

57.    As a result of Winn's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm, damage to its goodwill, and money damages in excess of $25,000, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of unfair competition by Winn.  Such injury and damage will continue unless Winn is enjoined by this Court from further unfair competition.

58.    Upon information and belief, Winn's unfair competition was and is willful, and Winn acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which

14

**EXHIBIT 1**

had a great probability of causing substantial harm and has caused substantial harm, which justifies an assessment of treble damages under 15 U.S.C. § 1117, punitive damages, and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Reel Grip, Ltd. prays for judgment against the Winn as follows:

(a)     Enter Judgment that Winn has committed trademark infringement in violation of the common law, including Ohio common law;

(b)     Enter Judgment that Winn has committed deceptive trade practices in violation of R.C. § 4165.01 *et seq.*;

(c)     Enter Judgment that Winn has committed the tort of unfair competition under Ohio common law;

(d)     Enter Judgment that Winn has violated 35 U.S.C. § 1125 through its unfair competition;

(e)     Preliminarily and permanently enjoin Winn, and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them who receive actual notice of the Order, from:  (1) committing further infringement of Reel Grip Ltd.'s common law trademark in relation to the sale of its grips for fishing reel handle knobs; (2) committing further deceptive trade practices in relation to the sale of its grips for fishing reel handle knobs; (3) committing further unfair competition in relation to the sale of its grips for fishing reel handle knobs; and (4) violating 35 U.S.C. § 1125 through its unfair competition;

(f)     Issue an Order for an accounting of all earnings achieved by Winn as a consequence of Winn's unfair competition; deceptive trade practices; violation of 35 U.S.C. § 1125; and trademark infringement;

15

**EXHIBIT 1**

(g)     Enter judgment and issue an Order requiring Winn to pay compensatory damages to Reel Grip, Ltd. in excess of $25,000, together with costs and pre-judgment and post-judgment interest;

(h)     Enter judgment and issue an Order that all applicable damages be trebled pursuant to 15 U.S.C. § 1117;

(i)     Enter an award for punitive damages; and

(j)     Grant and award any and all relief found necessary and proper under the circumstances, including but not limited to Reel Grip, Ltd.'s attorney's fees, costs, and interest.

Respectfully submitted,

James M. Wherley, Jr. (#0073932)
Whitney L. Willits (#0089728)
Rod A. Moore (#0093682)
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, South
Suite 1000
Canton, OH  44702
Ph:  330-456-8341
Fax: 330-456-5756
Email:  jwherley@bmsa.com
        wwillits@bmsa.com
        rmoore@bmsa.com

*Counsel for Plaintiff, Reel Grip, Ltd.*

16

**EXHIBIT 1**

## JURY DEMAND

Plaintiff, Reel Grip, Ltd., hereby demands and requests trial by jury of all issues so triable.

Respectfully submitted,

_____

James M. Wherley, Jr.  (#0073932)
Whitney L. Willits (#0089728)
Rod A. Moore (#0093682)
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, South
Suite 1000
Canton, OH  44702
Ph:  330-456-8341
Fax: 330-456-5756
Email:jwherley@bmsa.com
        wwillits@bmsa.com
        rmoore@bmsa.com

*Counsel for Plaintiff, Reel Grip, Ltd.*

## DIRECTIONS TO THE CLERK

Please serve a copy of the Summons and Complaint to the Defendant by Certified Mail at the addresses listed in the caption of this Complaint.

_____

James M. Wherley, Jr., Esq.
*Attorney for Plaintiff Real Grip, Ltd.*

489698

17

**EXHIBIT 1**

# SUMMONS

Rule 4 1970 Ohio Rules of Civil Procedure

Court of Common Pleas, Medina County, 93 Public Square, Medina, OH 44256

**Case #:  18CIV0298**

To the following named defendant:

**WINN INCORPORATED
C/O STAT AGT, TSARINA BRANYAN
17011 BEACH BOULEVARD
HUNTINGTON BEACH, CA 92647**

You have been named as defendant in a complaint filed in this court by the following plaintiff: REEL GRIP LTD

A COPY OF THE COMPLAINT IS ATTACHED HERETO

You are hereby summoned and required to serve upon the plaintiff's attorney or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within **twenty-eight (28)** days after the service of this summons upon you, excluding the date of service.

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint. Your answer must be filed with the court within **three days (3)** after the service of a copy of the answer on the plaintiff's attorney.

The name and address of the plaintiff's attorney is as follows:

**JAMES M WHERLEY JR
BLACK,MCCUSKEY,SOUERS & ARBAUGH
220 MARKET AVENUE SOUTH; SUITE 1000
CANTON, OH 44702**



**DAVID B. WADSWORTH**
**Clerk of Courts**

3/23/2018

AF
By: Deputy Clerk

**EXHIBIT 1**

# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
Court of Common Pleas, Medina County, 93 Public Square, Medina, OH 44256

**Case #:  18CIV0298**

To the following named defendant:

**WINN INCORPORATED**
**15648 COMPUTER LANE**
**HUNTINGTON BEACH, CA 92649**

You have been named as defendant in a complaint filed in this court by the following plaintiff: REEL GRIP LTD

A COPY OF THE COMPLAINT IS ATTACHED HERETO

You are hereby summoned and required to serve upon the plaintiff's attorney or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within **twenty-eight (28)** days after the service of this summons upon you, excluding the date of service.

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint. Your answer must be filed with the court within **three days (3)** after the service of a copy of the answer on the plaintiff's attorney.

The name and address of the plaintiff's attorney is as follows:

**JAMES M WHERLEY JR**
**BLACK,MCCUSKEY,SOUERS & ARBAUGH**
**220 MARKET AVENUE SOUTH; SUITE 1000**
**CANTON, OH 44702**

**DAVID B. WADSWORTH**
**Clerk of Courts**

3/23/2018



<u>AF</u>
By: Deputy Clerk

**EXHIBIT 1**

**TO:**

18CIV0298
WINN INCORPORATED
C/O STAT AGT, TSARINA BRANYAN
17011 BEACH BOULEVARD
HUNTINGTON BEACH CA 92647

**SENDER:**

Certified Article Number

**REFERENCE** 9414 7266 9904 2079 8866 89

SENDERS RECORD

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | 7.30 |

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

3-23-18

**TO:**

18CIV0298
WINN INCORPORATED
15648 COMPUTER LANE
HUNTINGTON BEACH CA 92649

**SENDER:**

**Certified Article Number**

**REFERENCE** 9414 7266 9904 2079 8866 72

**SENDERS RECORD**

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | 730 |

**USPS®**

**Receipt for Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail

**POSTMARK OR DATE**

3-23-18

**2. Article Number**

COPY

9414 7266 9904 2079 8866 89

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

E. PerK... OFFICE

C. Signature

X _E.P..._ ☐ Agent / ☑ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 26 2018

HUNTINGTON BEACH CA MAIN · USPS

**3. Service Type** **CERTIFIED MAIL®**

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

18CIV0298
WINN INCORPORATED
C/O STAT AGT, TSARINA BRANYAN
17011 BEACH BOULEVARD
HUNTINGTON BEACH CA 92647

PS Form 3811, January 2005          Domestic Return Receipt



COPY

■ UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

DAVID  B WADSWORTH
MEDINA COUNTY CLERK OF COURTS
93 PUBLIC SQUARE ROOM 129
MEDINA OH  44256-2292